UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION )
10 S. Howard Street, 3rd Floor )
Baltimore, MD 21201 )
)
         Plaintiff, )
) CIVIL ACTION NO.
    v. )
)
) C O M P L A I N T
MEARS MARINA ASSOCIATES )
LIMITED PARTNERSHIP d/b/a RED EYE'S )
DOCK BAR ) JURY TRIAL DEMAND
428 Kent Narrows Way North )
Grasonville, MD 21638 )
)
         Defendant. )
_____)

NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990 ("ADA"), to correct unlawful employment practices on the basis of disability and retaliation and to provide appropriate relief to Margaret Finley ("Ms. Finley"), who recently had undergone treatment for breast cancer and who was adversely affected by such practices. The United States Equal Employment Opportunity Commission ("Plaintiff" or "the Commission") alleges that Mears Marina Associates Limited Partnership d/b/a Red Eye's Dock Bar ("Defendant") violated the ADA by denying to Ms. Finley a reasonable accommodation, *i.e.,* excusing her from its uniform policy requiring its female bartenders to wear a sexually provocative bathing suit top, known as a "tankini," which resulted in her termination. The Commission further alleges that Defendant violated Title V of the ADA when it terminated Ms. Finley in retaliation for engaging

in protected activity, including her requests for an accommodation that she be excused from wearing the "tankini."

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 503(c) and 107(a) of the ADA, 42 U.S.C. § 12203(c) and 42 U.S.C. § 12117(a), which incorporate by reference Sections 706(f)(1) and (3) of Title VII , 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("ADA"); Section 706(f)(1) and (3) of Title VII , 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3.      Plaintiff, an agency of the United States of America, is charged with the administration, interpretation, and enforcement of Title I of the ADA, Section 503 of Title V of the ADA, and is expressly authorized to bring this action by Sections 503(c) and 107(a) of the ADA, 42 U.S.C.§ 12203(c) and § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1)and (3).

4.      At all relevant times, Defendant has continuously been a limited partnership doing business in the city of Grasonville, Maryland and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5)

and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h); and Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

6.  At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, Ms. Finley filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  Since at least May, 2006, Defendant has engaged in unlawful employment practices in the State of Maryland in violation Section 102(a) of Title I of the ADA, 42 U.S.C. §12112(a) and Section 503 of Title V of the ADA, 42 U.S.C.§12203. These practices include the following:

    a.  Denying Ms. Finley, a qualified individual with a disability who recently had returned to employment following her breast cancer treatment, a reasonable accommodation, by refusing to exempt her from Defendant's new uniform policy mandating that she wear a "tankini," a sexually provocative top, which resulted in her termination; and

    b.  Terminating Ms. Finley in retaliation for engaging in protected activity, including her requests for accommodation to be excused from the "tankini" requirement in that such sexually provocative uniform revealed her surgical and radiation scars.

9.  The effect of the practices complained of in paragraph 8 above, has been to deprive Ms. Finley of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability and for engaging in protected activity under the ADA.

10. The unlawful employment practices complained of herein were intentional.

11.     The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Ms. Finley.

PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against employees based on their disability.

B.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in reprisal or retaliation against any person because such person engaged in protected activity under the ADA.

C.      Order Defendant to make whole Ms. Finley by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D.      Order Defendant to make whole Ms. Finley by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein above, in amounts to be determined at trial.

E.      Order Defendant to make whole Ms. Finley by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional and mental anguish, pain and suffering,

F.      Order Defendant to pay Ms. Finely punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

G.    Grant such further legal or equitable relief as the Court deems necessary and proper to the public interest.

H.    Award the Commission its costs of this action.

>                   Respectfully submitted,
>
>                   RONALD S. COOPER
>                   General Counsel
>
>                   JAMES L. LEE
>                   Deputy General Counsel
>
>                   GWENDOLYN REAMS
>                   Associate General Counsel
>
>                   _____ Jacqueline H. McNair by DML
>                   JACQUELINE H. McNAIR
>                   Regional Attorney
>
>                   _____
>                   DEBRA M. LAWRENCE
>                   Bar No. 04312
>                   Supervisory Trial Attorney
>
>                   EQUAL EMPLOYMENT
>                   OPPORTUNITY COMMISSION
>                   Baltimore Field Office
>                   10 S. Howard Street, 3rd Floor
>                   Baltimore, MD 21201
>                   (410) 209-2734
>                   (410) 962-4270 (fax)